Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL SCHROETER GMBH & CO KG a/s/o
SUNSHINE EXPORT SAC and a/s/o FRESH
TASTE PRODUCE LTD.

      Plaintiff,

  - against –

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.

      Defendant.
------------------------------------------------------------X

23 Civ.

**COMPLAINT**

Plaintiff, CARL SHROETER GMBH & CO KG a/s/o Sunshine Export SAC and a/s/o Fresh Taste Produce Ltd. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## **JURISDICTION**

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## **PARTIES**

2.    At all material times, Carl Schroeter GmbH & Co KG (hereinafter "Carl Schroeter" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

country with an office and place of business located at Martinistrasse 8-10, Bremen 28195, Germany, and is the subrogated underwriter of a consignment of Fresh Mangoes, as more specifically described below.

3. At all material times, Sunshine Export SAC (hereinafter "Sunshine" or "Plaintiff") was and is a corporation with an office and a place of business located at Car. Tambogrande, Piura, Peru, and was the owner/shipper of a consignment of Fresh Mangoes, as more specifically described below.

4. At all material times, Fresh Taste Produce Ltd. (hereinafter "Fresh Taste" or "Plaintiff") was and is a corporation with an office and place of business located at 370 Ontario Street North, Milton, Ontario, Canada, and was the owner/consignee of a consignment of Fresh Mangoes, as more specifically described below.

5. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 700 Watermark Blvd, Mt. Pleasant, SC 29464, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**RELEVANT FACTS**

7. In or about December 2021 the cargo shipper booked transit with MSC for, *inter alia*, a containerload of mangoes for transit from Peru to the United States.

8. In December 2021, MSC confirmed the booking and issued a booking note for transit of the aforesaid commencing on or about December 28, 2021.

9. On or about December 23, 2021, a consignment consisting of 4,584 Boxes Fresh Mangoes, laden in refrigerated container TRIU 8431542, then being in good order and condition, was delivered to MSC and/or its agents in Paita, Peru by cargo shipper Sunshine The cargo was booked for transit on board the M/V MSC RONIT R in Paita destined for Toronto, Canada via Philadelphia, Pennsylvania, all in consideration of an agreed upon freight, and in consideration of MSC maintaining a supply air temperature of 9.0°C at all times, all pursuant to MSC bill of lading MEDUL6535123 dated December 28, 2021, with delivery in Philadelphia planned for January 15, 2022.

10. On December 28, 2021 MSC issued on board bill of lading MEDUL6535123 for the cargo in container TRIU8431542.

11. Contrary to the issuance of the on board bill of lading, MSC did not in fact load container TRIU8431542 on board the M/V MSC RONIT R.

12. MSC subsequently loaded container TRIU8431542 on another vessel, which arrived in Philadelphia on February 6, 2022.

13. The cargo was inspected in Philadelphia on February 10-11, 2022, at which time the cargo was found to no longer in the same good order and condition as when first received by MSC in December 2021 but rather was found to be unmerchantable and was dumped.

14. As a result of the breach of contract and prolonged voyage, the cargo was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

15. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

16. As a result of the foregoing, Plaintiff suffered damages in the amount of $32,331.58 in lost sales and destruction expenses.

17. At all times relevant hereto, a contract of insurance for property damage was in effect between Carl Schroeter, Sunshine and Fresh Taste, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Mangoes.

18. Pursuant to the aforementioned contract of insurance between Sunshine, Fresh Taste and Carl Schroeter, monies have been expended on behalf of Sunshine and Fresh Taste to the detriment of Carl Schroeter due to the damages sustained during transit.

19. As Carl Schroeter has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Carl Schroeter has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

20. Sunshine and Fresh Taste have, in addition, assigned the deductible portions of the claim to Carl Schroeter.

21. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $32,331.58.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $32,331.58.

26. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $32,331.58.

**AS AND FOR A SECOND CAUSE OF ACTION –
ISSUANCE OF FRAUDULENT ON BOARD BILL OF LADING**

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

28. Defendant MSC issued an on-board bill of lading for the carriage of the subject container load of mangoes from Peru to Philadelphia, MEDUL6535123 dated December 28, 2021.

29. The cargo was not loaded on board the vessel for the subject transit.

30. MSC's on board bill of lading fraudulently represented that the cargo in container TRIU 8431542 was on board the M/V RONIT R, voyage NQ151R.

31. When MSC eventually delivered the perishable cargo of Mangoes in Philadelphia, the cargo was no longer in the same good order and condition, but rather, had sustained physical damage due to the prolonged transit.

32. MSC is precluded from asserting various COGSA defenses, including any package limitation defense, as a result of its issuance of the aforesaid fraudulent bill of lading.

33. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $32,331.58.

34. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $32,331.58.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $32,331.58 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 17, 2023
519-33

                      **CASEY & BARNETT, LLC**
                      Attorneys for Plaintiff

By: *Martin Casey*
Martin F. Casey
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225